## CIRCUIT COURT OF HENRICO COUNTY

Wayne A. Mullins et al.

v.

Reliance Marine, Inc., et al.

June 15, 1988

Case No. 86L485

By JUDGE JAMES E. KULP

This matter is before the Court on the motions of the defendant Marathon Boat Mfg. Co., Inc., to set aside the verdict of the jury and award the defendant Summary Judgment, a new trial or a remittitur. The Court has now maturely considered the memorandums submitted by the parties and renders this opinion.

The Court finds it was in error to submit to the jury the remedy of refund under the Magnuson-Moss Warranty Act. Under the Court's present reading of the Act, the remedy of refund was not an available remedy for the plaintiffs.

The Court recognizes that the jury was given such an option in Instruction No. 12. Frankly, the Court does not recall any specific objection by the defendant to this instruction. The defendant did object to the Court giving any instruction under plaintiff's claim under the Magnuson-Moss Warranty Act, but I recall no objection that refund was not an available remedy. Be that as it may, the Court believes this case is controlled by *Smith v. Insurance Co.*, 202 Va. 758 (1961). In *Smith*, the Supreme Court held that the trial Court should reconsider instructions, although not objected to, if they are found to be incorrect and calculated to mislead the jury. Here,

like in *Smith*, the Court's instructions allowed the jury to render a verdict which was not available.

For these reasons the Court will grant the defendant Marathon's motion for a remittitur. It is clear from the jury's verdict that the jury resolved all factual issues against the defendant. The measure of damages is the cost of repairs which Mr. Collimore testified would be between $1,500 and $2,000. Accordingly, the Court will reduce the jury's verdict to $2,000 and enter judgment for the plaintiffs in that amount. The Court denies all of the remainder of defendant's motions.